FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 MAR 30   AM 9: 11

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Keith Ohlson
c/o 6702 South Marion Circle East
Centennial, Colorado [80122]

# IN THE DE JURE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO



| Keith Ohlson | ) | Action No. |
|---|---|---|
| | ) | |
| Claimant) | ) | |
| | ) | **17 - CV - 00796** |
| v. | ) | |
| STATE OF COLORADO | ) | |
| COUNTY OF ARAPAHOE | ) | |
| CITY OF CENTENNIAL | ) | Action for Trespass and |
| Dan Tipton | ) | Trespass on the Case |
| Peter Moore | ) | |
| Christopher Curry | ) | |
| Nick Rodriguez | ) | |
| FIRST CLASS TOWING | ) | |
| Cheryl Rowles-Stokes | ) | |
| Kristin Tuttle | ) | |
| | ) | |
| Defendants) | | |

| Action for Trespass and Trespass on the Case | **Keith Ohlson** **v.** **State of Colorado et. al.** | Page 1 of 23 |
|---|---|---|

## CAUSES OF ACTION - TRESPASS

### FIRST CAUSE OF ACTION - TRESPASS

### PARTIES

1. Comes now Keith Ohlson ("Ohlson"), a natural man, a people of sound mind of Colorado State, in this court of record and complains of; STATE OF COLORADO, ("corporation 1"); COUNTY OF ARAPAHOE, ("corporation 2"; DUNS: 00-2068403); CITY OF CENTENNIAL ("corporation 3"; DUNS: 03-0808409). Dan Tipton, "Tipton"; (is an employee of corporation 2 as a deputy and sometimes works under contract for corporation 3); Peter Moore, "Moore" (is an employee of corporation 2 as a Deputy and relationship with Corporation 3 is unknown); Christopher Curry, "Curry" (is an employee of corporation 2 as a Deputy and sometimes works under contract for corporation 3); Nick Rodriguez, "Rodriguez" (is an employee of corporation 2 as a Sargent and relationship with Corporatoin 3 is unknown); Cheryl Rowles-Stokes,"Rowles-Stokes" (is an employee of corporation 2 as a magistrate appointed by the GOVERNOR of the STATE OF COLORADO); Kristin Tuttle, "Tuttle" (is an employee of the corporation 2 as a Deputy District Attorney); FIRST CLASS TOWING (a private company doing business in Parker, Colorado); hereinafter defendants.

### INTRODUCTION

2. As detailed herein, each defendant exceeded its jurisdiction[1] under color of law either directly, or through an agent, or in concert with another, in an attempt to unlawfully and forcefully enforce statutes and codes against claimant and an claimant's automobile, "property", which has not been pledged to nor is it subject to the jurisdiction of corporation 1, corporation 2 or corporation 3. This violation of rights against claimant;s right of freedom to travel without interference occurred without jurisdiction under color of law in direct violation of 18 USC 241, Conspiracy against rights, and 18 USC 242, deprivation of rights under color of law. As documented herein, defendants failed to protect claimants rights and property. Defendants also worked in unison to

---

[1]  Basso v. Utah Power & Light Co., 495 F 2d 906, 910; Joyce v. US, 474 F2d 215; Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962); Rosemond v. Lambert, 469 F2d 416; Latana v. Hopper, 102 F. 2d 188; Melo v. United States, 505 F. 2d 1026 Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608; Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828)  Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409

| Action for Trespass and Trespass on the Case | **Keith Ohlson** <br> **v.** <br> **State of Colorado et. al.** | Page 2 of 23 |
| --- | --- | --- |

hinder the due process of law and to commit a fraud upon the court for the purpose of said unlawful prosecution of claimant Ohlson under color of law and infringing upon claimant's rights.

## JURISDICTION AND VENUE

3. This action is a direct challenge to the jurisdiction[2] of the defendants named herein.

4. Lacking proof or evidence on the record of jurisdiction the defendants did operate and conspire against the rights of claimant under color of law.

5. As documented herein, defendants worked in unison to deprive claimant of his right to uninhibited locomotion without articulable probable cause.

6. As documented herein, defendants did fail to protect claimant from unlawful assault and arrest.

7. As documented herein, defendants did fail to protect claimant's property from theft.

8. As documented herein, defendants did perform an unlawful and warrantless search of claimant's property.

9. As documented herein, defendants did unlawfully possess claimant's property.

10. As documented herein, defendants did fail to act on claimant's written and verbal challenge of jurisdiction as is their obligation.

11. As stated herein, defendants did fail to respond to claimants counter-offer challenging jurisdiction.

---

2    Basso v. Utah Power & Light Co., 495 F 2d 906, 910; Joyce v. US, 474 F2d 215; Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962); Rosemond v. Lambert, 469 F2d 416; Latana v. Hopper, 102 F. 2d 188; Melo v. United States, 505 F. 2d 1026 Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608; Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828)  Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409

| Action for Trespass and Trespass on the Case | **Keith Ohlson** **v.** **State of Colorado et. al.** | Page 3 of 23 |

## JURISDICTION AND VENUE

12. This action includes defendants who are employed by defendant corporation 1 and/or subdivision of corporation 1 who acted under color of law. It also includes defendants employed by corporation 2 or a subdivision of corporation 2 who acted under color of law and defendants who operated under contract to corporation 2 or corporation 3. Damages require remedy. Not only have federal statutes been violated, but claimant's rights reserved in the 9th Amendment of the constitution for the united States of America have been violated.

## SPECIFICS

13. At all times mentioned In this action at law, each defendant is the agent of the other, and in doing the act alleged in this action, each is acting in course and scope of said agency. The following paragraphs describe what the defendants, under color of law, either acted or failed to act.

14. The Colorado State is established by the people with the republican[3] form of government as guaranteed by Article IV, Section 4 of the Constitution for the United States of America.

15. Each agent failed in its oath of office to uphold the constitution and unlawfully exceeded its jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to effect the unlawful deprivation of rights by loss of liberty, theft of property, warrant-less search, armed assault, illegal arrest, failure to follow due process of law, fraud and harm to reputation.

16. Claimant did not enter into a contract with corporation 1 as claimant's property is not a "motor vehicle"[4].

---

3  Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

4  18 U.S. Code § 31 – Definitions (a) (6) **Motor vehicle.—** The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

| Action for Trespass and Trespass on the Case | **Keith Ohlson** v. **State of Colorado et. al.** | Page 4 of 23 |
|---|---|---|

17. Claimant is not a "driver[5]" when using his property for the purpose of traveling upon the public roads for his pleasure and private business..

18. Claimant is not a US Citizen, a US person[6] or corporation. Claimant is a Colorado State Citizen/non-citizen national of the united States of America, a people on the land.

19. Claimant's rights of due process of law[7] and natural rights as a people have been violated.

20. Defendants owe claimant a duty to secure his rights and cannot violate them and secure them at the same time.

21. On November 11, 2016, Claimant was using his automobile for traveling with his son and a friend of his son's upon the public roads provided for his benefit.. Claimant's right to uninterrupted free travel was interrupted by the showing of the emergency lights on defendant Tipton's police vehicle. Claimant pulled into a private church parking lot and stopped his car in response to this display of emergency lights. Defendant approached claimants car and asked for license and registration. Claimant first asked defendant Tipton if there was an emergency to which defendant Tipton stated there was not. Claimant informed defendant Tipton that he did not consent to this stop and to please be informed of the purpose for being stopped.  Defendant Tipton ignored this request and again asked for license, registration and insurance. Claimant again informed defendant Tipton that he did not consent to being stopped to which defendant

---

5   "Driver -- One employed in conducting a coach, carriage, wagon, or other vehicle ..." Bovier's Law Dictionary, 1914 ed., Pg. 940.

6   The word "person" in legal terminology is perceived as a general word which normally includes in its scope a variety of entities other than human beings. Church of Scientology v. U.S. Dept. of Justice 612 F. 2d 417, 425 (1979)

7   Due process of law is process according to the law of the land .... . . . Due process of law in the latter [the Fifth Article of Amendment to the Constitution) refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles. of the common law .... Mr. Justice Matthews, delivering the majority opinion of the court in Hurtado v. California, 110 U.S. 516, 3 Sup. Ct. 111,292,28 L. Ed. 232 (1884).]

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 5 of 23 |
| --- | --- | --- |

Tipton replied that he did "not care". Defendant Tipton again asked for license, registration and insurance to which claimant replied that he had no such paperwork. Defendant Tipton seemed surprised by this and asked if the 'vehicle' was not registered and claimant stated that the claimant's automobile was not registered as a commercial vehicle. Defendant Tipton then asked if the 'vehicle' was insured and claimant informed him that the car was not insured. Defendant Tipton then informed the claimant that Colorado law required that all 'vehicles' are required to be registered and carry insurance. Claimant replied that he was not in a 'vehicle' as defined in commercial statutes but that claimant's car was private property (Consumer Goods[8]) and not subject to registration and enforced insurances[9]. Defendant Tipton again restated that Colorado law required registration and licensure of all vehicles and claimant again reminded defendant that his property was not a vehicle but a private automobile and that it was not used in commerce and that claimant did not choose to register his car as a commercial vehicle.

22. Defendant Tipton was, as this point, becoming clearly annoyed with claimant's refusal to agree to his statements and claimant was becoming nervous due to this obvious fact as he had two children in his car.

23. Defendant Tipton, after a short pause, asked claimant if he had a driver's license to which claimant stated that he did have an ID. Defendant Tipton asked what type of identification claimant had and claimant stated that he possessed a Passport ID. Defendant Tipton ordered

---

8    "Automobile purchased for the purpose of transporting buyer to and from his place of employment was ``consumer goods'' as defined in UCC §9-109." Mallicoat v Volunteer Finance & Loan Corp., 3 UCC Rep Serv 1035; 415 S.W.2d 347 (Tenn. App., 1966).

9    "No State government entity has the power to allow or deny passage on the highways, byways, nor waterways... transporting his vehicles and personal property for either recreation or business, but by being subject only to local regulation i.e., safety, caution, traffic lights, speed limits, etc. Travel is not a privilege requiring, licensing, vehicle registration, or forced insurances." Chicago Coach Co. v. City of Chicago, 337 111. 200, 169 N.E. 22.

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 6 of 23 |
|---|---|---|

claimant to present this identification to him. Claimant, considering himself now under force at arms from an agitated and armed man acting under color of law as a law enforcement officer, handed over his Passport identification to defendant Tipton.

24. Defendant Tipton started to turn back towards his vehicle but suddenly turned back towards claimant and commanded claimant to turn off his 'vehilce' and give defendant Tipton claimant's car keys. Claimant was startled by this sudden order and exclaimed "What?" since claimant was caught off-guard by this sudden demand. Defendant Tipton again ordered claimant to give him the car keys. Defendant Tipton then suddenly started to reach towards the claimants opened car window/ Claimant, feeling threatened by defendant Tipton's sudden movement towards his open window , immediately started to close his window and, in the same instant, reached to turn off his car and grab his keys in response,.

25. Defendant Tipton next grabbed claimants car door handle and started to yank open the door. Claimant, feeling threatened by this sudden move,  instinctively pulled back on the dor to defend himself and his property[10]. Defendant Tipton was then joined by defendant Moore and together they pulled the car door open and claimant determined that any act of further self-defense was futile and could possibly result in harm to himself or the kids in his car and he acquiesced while these two common people, now operating together under color of law, invaded claimants property and physically assaulted claimant by removing him from his car[11].

---

10  "An illegal arrest is an assault and battery. The person so attempted to be restrained of his liberty has the same right to use force in defending himself as he would in repelling any other assault and battery." (State v. Robinson, 145 ME. 77, 72 ATL. 260).

11  "Where an individual is detained, without a warrant and without having committed a crime (traffic infractions are not crimes), the detention is a false arrest and false imprisonment." Damages Awarded: Trezevant v. City of Tampa, 241 F2d. 336 (11th CIR 1984)

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 7 of 23 |

26. Defendant Moore and defendant Tipton, still operating as common men under color of law, then committed an illegal arrest by handcuffing the claimant and holding him under armed guard and caused damage to reputation by performing all these activities in full view of his son , his son's friend and passers-bye. During these actions claimant tried to hand his car keys to one of the defendants because he was starting to drop them and defendant Moore stated that it was too late to comply with their illegal orders and ignored claimants efforts while his keys dropped to the ground. Claimant asked defendant Tipton why he was being arrested and defendant Moore stated that they were not performing an arrest but only a detention while at the same time depriving claimant of his liberty by placing handcuffs on him and placing him under armed guard. Claimant stated during this time that he did "not consent to ANY searches" of claimant or his property to which defendant Moore retorted "are you one of those?" possibly insinuating that claimant was something other than a people of Colorado. Claimant asked defendant Moore if he was an Arapahoe County Police officer and defendant Moore stated that they (I presume that he was including all 4 defendants in this statement as by now there were now 4 armed people present to carry out claimants arrest) were employed by the COUNTY OF ARAPAHOE but were sometimes under contract to the CITY OF CENTENNIAL.

27. During the ensuing period of this illegal arrest and while under armed guard, 2 new defendants Curry and Rodriquez had arrived at the scene but claimant is not sure exactly when they arrived. Under color of law, defendants Tipton, Moore, Curry and Rodriquez all conspired to deprive the claimant of his right to liberty and travel without probable cause, warrant or jurisdiction over claimant or his property. At this point, all further actions by claimant going

| Action for Trespass and Trespass on the Case | **Keith Ohlson** v. **State of Colorado et. al.** | Page 8 of 23 |

forward were under duress since he was surrounded by 4 armed men and claimant was deprived of liberty by being in handcuffs and under armed guard and threatened with possible kidnapping and imprisonment. Claimant determined it to be in the self interest of himself and the 2 children in his car to be cooperative since claimant did not want to risk further escalation of a situation where 4 armed men were colluding outside their legal authority while also lacking jurisdiction over claimant and his property. Defendant Tipton asked claimant if he had a drivers license to which claimant informed him that he did. Defendant Tipton asked where this document was and claimant informed him that it was in his wallet on his person. Defendant Tipton then removed claimant's wallet and walked away. Defendant Tipton returned with claimant's wallet with his drivers license and noted that he had observed that the claimant had insurance on his Subaru which is registered as a commercial vehicle to the state of Colorado and required a licensed driver to operate. He also noted the expired insurance for the claimants automobile. Defendant Tipton then returned claimant's wallet to his jacket pocket.

28. Defendant Curry casually suggested that claimant's property might be stolen by asking claimant if claimant's car was stolen and claimant answered this question by stating that the car was not stolen and that copies of a Certificate of Title signed to the claimant and a Bill of Sale to the claimant were in present in claimant's car which should serve to satisfy proof of ownership. Defendant Tipton asked claimant where these documents were located and claimant stated that they were located in a red/zippered pouch in the glove box of the claimants car. Defendant Tipton then entered the claimants car and removed the documents that were in the red/zippered pouch.

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 9 of 23 |
|---|---|---|

29. While these interactions were ongoing defendant Curry and defendant Rodriquez had been walking back and forth to the claimant's car and it was revealed that they had been talking to the children in the car and had obtained the phone number for the father of the child whom I had been taking home. I observed defendant Rodriguez making a phone call at one point but didn't think much of it. During this time defendant Curry started to search my car, without my consent, and while the children were still inside. Defendant Curry's searching did not seem to be particularly intrusive but after searching the areas in the vicinity of the 2 car doors he then opened the rear tailgate and started searching the rear of the car including opening a tool bag and searching through its contents. All of this was done without consent of the claimant.

30. Also during the time that claimant was handcuffed at the front of defendant Tipton's vehicle the father of Ryan, the boy I was attempting to return home, showed up to take his son away from this scene and homeward. He spoke briefly with one of the defendants (I forget who) asked claimant if everything was going to be OK and claimant replied that everything should be fine and that he should go ahead and take his son home. This was very embarrassing and a major offense to the reputation and integrity of the claimant.

31. After about 25 minutes under armed arrest while handcuffed and under armed guard defendant Tipton approached the claimant and informed him that he was going to remove the handcuffs and that claimant was expected to sign a summons that defendant was going to place in front of him. Claimant was informed that he would only be allowed to leave if he complied. Claimant signed the summons but retained his rights by also writing "Without Prejudice; UCC1-308" above his signature which refers to the claimants retention of all his rights and to NOT enter

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 10 of 23 |
|---|---|---|

into any contract or agreement which is described in the law of this section of the Universal Commercial Code to which the STATE OF COLORADO, a corporate entity, is a signatory.

32. Defendant Tipton, while acting under color or law[12] and without proof of jurisdiction over claimant or his property, did violate claimants right to travel freely and without interference and to own property without any lawful requirement that claimant pledge his property to corporation 1, and charged claimant with violating the code of corporation 1 of CRS 42-4-1409(1) "Owner operated an uninsured Motor Vehicle on a Public Roadway" even though defendant Tipton did not establish that claimant's car could be defined as a motor vehicle and after claimant declared that he was not using his car in commerce and that claimant's car was not registered as a motor vehicle and subject to the administration of these codes.

33. Defendant Tipton, acting under color of law and without proof of jurisdiction over claimant or his property, did violate claimants right to travel freely and without interference and to own property without any lawful requirement that claimant pledge his property to corporation 1, charged claimant with violating the code of corporation 1 of CRS 42-3-103 "Within sixty days after purchase, every owner of a motor vehicle shall register such vehicle with the department." even though defendant Tipton did not establish that claimant's car could be defined as a motor vehicle and after claimant declared that he was not using his car in commerce and that claimant's car was not registered as a motor vehicle subject to the administration of these codes.

---

12 "Color of Law" means "The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state is action taken under 'color of law.'" Atkins v. Lanning. D.C.Okl., 415 F. Supp. 186, 188.

| | | |
|---|---|---|
| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 11 of 23 |

34. Defendant Tipton, under color of law and action outside of his authority without proof of jurisdiction over claimant or his property, charged claimant with violating the code of corporation 1 of CRS 18-8-104 "Obstructing a Peace officer" even though defendant Tipton did not establish jurisdiction over either the claimant or claimant's property and through his own demands for claimant's property defendant Tipton did instigate claimant to initially attempt to defend himself and his property from illegal armed assault which actions within rights cannot be turned into a crime[13].

## SECOND CAUSE OF ACTION – TRESPASS ON RIGHTS

35. All previous paragraphs are incorporated as though fully stated herein.

36. Defendant Tipton, after claimant was forced to sign his complaint/summons under duress, informed the claimant that he was going to impound the claimant's car. Defendant Tipton, who did not present any credentials of being a judge, next stated that he had determined that he could not allow the claimant to 'drive' his 'vehicle' on the public roads while not insured or registered, even though claimant informed defendant Tipton that he was not operating under commerce and that his car was not a commercial motor vehicle. Defendant Tipton declared that operating my property would present an unsafe condition even though the claimant showed no unsafe behavior while using his automobile and an automobile is not inherently dangerous[14].

---

13  <u>Miller v. United States</u>, 230 F.2d 486 (5th Cir. 1956); "The claim and exercise of a constitutional right cannot be converted into a crime."

14  The automobile is not inherently dangerous." *Cohens vs. Meadow*, 89 SE 876; *Blair vs. Broadwater*,93 SE 632 (1917).

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 12 of 23 |
| --- | --- | --- |

37. Defendant Tipton then removed claimants car key from his key ring and informed the claimant that he was now free to go. Claimant briefly departed the crime scene but quickly returned to obtain business cards and identities of all the involved people who had violated his rights and failed to uphold their duty to serve and protect a people of Colorado and people's property from a violation of rights.

38. Claimant walked to a grocery store about a block away and called his wife to come and get him. His "detention" had lasted 40 minutes and resulted in the theft of his car and considerable inconvenience..

39. Defendants Tipton, Moore, Curry and Rodriquez conspired together to hold claimant in actual imprisonment with his arms bound behind his back without probable cause, though probable cause might be considered as a fabricated situation which was instigated by the actions of defendant Tipton.

40. Claimant was imprisoned in full view of the public.

41. Claimant autographed the citation under duress due to the fact that defendant Tipton, defendant Moore, defendant Curry and defendant Rodriquez were all armed with a weapon and claimant was informed that this was their condition for releasing claimant.. All contracts signed under duress are void. All rights were reserved by claimant stating without prejudice above his signature.

| Action for Trespass and Trespass on the Case | **Keith Ohlson** v. **State of Colorado et. al.** | Page 13 of 23 |

42. Defendant Tipton then ordered claimant to appear in an inferior "Justice Court[15]" rather than a Court of Justice as required as though Defendant Tipton has jurisdiction over a people of Colorado.

43. Defendant Tipton's incident report reflects a position that differs from of the claimant's record in the following statements and general comments:

    1. Defendant Tipton (as well as defendant Moore), without proof, always refers to the claimants automobile as a 'vehicle' or a 'motor vehicle' which the claimant has denied without fail in that his automobile is not used in commerce and is thus not required to be registered to the state and is thus a private automobile to be enjoyed at his convenience without interference with regard to this status.[16]

    2. Defendant Tipton claims that claimant refused to provide the documents that were requested and at no time did the claimant refuse to provide anything. Claimant finally informed defendant Tipton, when asked for insurance and registration, that he did not have such documents and could therefore not provide them. Defendant Tipton asked for Driver's License and claimant responded that he did have identification. Defendant Tipton asked what identification it was and claimant informed defendant Tipton that it was his Passport and when defendant Tipton asked for it claimant handed the Passport to the defendant Tipton. At no time did claimant refuse to provide what was asked for.

    3. Defendant Tipton indicated that claimant was being argumentative and escalating the situation but claimant was simply informing defendant Tipton that his automobile was private and not used in commerce and thus was not subject to the Motor Vehicle

---

15  "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652;

16  "Due course of law," supra, is synonymous with "due process of law" and means process according to the law of the land, i.e., the Constitution, interpreted according to the principles of the common law; to wit: "Due process of law is process according to the law of the land. . . ." Mr. Justice Matthews, delivering the opinion of the Court in Hurtado v. California, 110 U.S. 516, 533, 3 Sup. Ct. 111, 292, 28 L. Ed. 232 (1884). "Due process of law . . . refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles of the common law. . . .".

| Action for Trespass and Trespass on the Case | **Keith Ohlson** **v.** **State of Colorado et. al.** | Page 14 of 23 |
|---|---|---|

and Traffic statutes of the corporate STATE OF COLORADO. Claimant gave defendant Tipton sufficient notice of the status of his automobile and himself as a people of the Colorado State in order to inform defendant Tipton, who is a law enforcement officer, that his jurisdiction in this matter should be considered before he proceeded to act under "color-of-law". To proceed, especially after being informed, without first establishing jurisdiction makes defendant no better than a common people and subject to collateral attack[17].

4. Defendant Tipton stated that claimant's car engine was turned off when he made his demand that claimant give him his car keys. This statement is cin clnflick with the statement made by defendant Moore who concurs with the claimants position that the car was running at the time that this demand was made. Claimant did not respond to defendant Tipton's first order but did react to turn off his automobile and get his keys when threatened by defendant Tipton's second demand and sudden move towards claimant's open automobile window.

44. Defendant Tipton's citation falsely referred to claimant's private automobile as a "vehicle[18]" or "motor vehicle".

45. Defendant Tipton's citation falsely claimed that statutes written for corporation 1 and its affiliated corporations allow officials under their employ to administrate claimants property of enforced registration and insurance without proof of jurisdiction for such enforcement.

46. Defendant Tipton's citation asserts that claimant illegally obstructed a peace officer when defendant, while operating under color of law, cannot be described as an officer as he acted outside his authority and thus can only be described as a common people in this instance. The Police Power to enforce statutes is subordinate to the Constitution[19] and since travel in a private

---

17  The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

18  18 U.S. Code § 31 – Definitions (a) (6) **Motor vehicle.**— The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

19  "The police power of the state must be exercised in *subordination to the* provisions of the U.S. Constitution." [emphasis added]*Panhandle Eastern Pipeline Co. vs. State Highway Commission,*294 U. S. 613 (1935);*Buchanan vs. Warley,*245 U.S. 60 (1917)

---

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 15 of 23 |

automobile, which is not licensed via registration to the state, is an established right of all people and protected by the constitution and numerous decisions of the courts there is no authority to exercise this subordinate police power without jurisdiction of the claimant and his property.

## THIRD CAUSE OF ACTION – TRESPASS ON CASE

47. All previous paragraphs are incorporated as though fully stated herein.

48. Defendant First Class Towing took possession of claimant's car without legal authority, since the impound was done outside of jurisdictional authority and without due process to cease claimant's property.

49. First Class Towing did violate claimant's rights of property by taking unlawful possession of claimants property in concert with all other defendants in this claim.

50. Defendant First Class Towing held claimant;'s automobile for ransom and did not return it to the claimant without the claimant first paying a ransom.

51. In addition defendant First Class Storage required that the claimant obtain a tow dolly as they refused to allow claimant to use his automobile without first registering and insuring it even though claimant has the right to use his automobile to travel upon the roadways.

52. Claimant required almost 5 hours to reclaim his property.

53. Claimant observed that the rear jack cover was removed and damaged and that the front passenger hand-rest of the door was hanging and broken.

## FOURTH CAUSE OF ACTION – FRAUD/HARASSMENT

54. All previous paragraphs are incorporated as though fully stated herein.

55. Defendant Tipton had claimant's stolen automobile registered with corporation 2 under the false name of Steven Schwettman, the previous owner of the claimants automobile. This raises the interesting question of defendants intentions since one of the claims made in the issued Summons/Complaint was to accuse the claimant of violating CRS 42-4-1409 which states that "Owner Operated an Uninsured Motor Vehicle on a Public Roadway". Defendant Tipton also had viewed copies of the Bill of Sale and signed Certificate of Title and so was aware that the automobile was owned by the claimant. Defendant Titpton's action to log the claimants property under a false name is clearly fraud or intended as a form of harassment intended to make the efforts of reaquiring claimant's property extra frustrating. This is just plain fraud and if not it was done deliberately to cause additional conflict to the claimant. Fortunately claimant was able to figure out this deception and locate the facility that was in possession of his stolen property.

## FIFTH CAUSE OF ACTION – TRESPASS ON CASE

56. All previous paragraphs are incorporated as though fully stated herein.

57. During the initial arraignment Claimant attempted to inform defendant Rowles-Stokes that he wished to challenge the jurisdiction of the claims that had been made against him but defendant Rowles-Stokes stated that she had jurisdiction by my mere presence. This is contrary to existing decisions of various courts in that no court can decide its own jurisdiction[20].

58. Defendant Rowles-Stokes then asked claimant to approach the podium which suggests that claimant would then be conceding to that inferior court's jurisdiction but claimant stated that he was fine behind the bar. Defendant Rowles-Stokes stated that she could not hear the claimant and that the recording

---

20   "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 17 of 23 |
|---|---|---|

devices that are used to record these hearings would not work unless claimant addressed her from the indicated podium. Claimant stated that he would comply under duress thinking that this was the only way to actually be heard but claimant did not preemptively concede to the courts jurisdiction. If the court assumes that this gives them this jurisdiction then they are in error and claimant asks forgiveness for this lack of understnading.

59. Defendant Rowles-Stokes asked claimant if he understood his rights and claimant stated that he was aware of his rights and that he still questioned the courts jurisdiction and defendant Rowles-Stokes simply ignored the claimant.

60. Defendant Rowles-Stokes asked claimant how he would like to plea and claimant stated that he could not enter a plea and that he had filed a counterclaim notice to the record requesting that the plaintiff please answer the claimants request for proof of jurisdiction and had defendant Rowles-Stokes seen this notice. Defendant Rowles-Stokes stated that she had not seen this notice and claimant offered to provide a copy to her which she refused.

61. Defendant Rowles-Stokes again asked claimant how he wished to plea and claimant again indicated that he could not do so and defendant Rowles-Stokes stated that she would enter a plea for the claimant on his behalf and claimant stated that he did not agree to this or any other proceedings of this court at this point. Defendant Rowles-Stokes committed fraud and acted beyond her authority buy entering a plea in the claimant's behalf without his informed consent.

62. Defendant Rowles-Stokes entered a plea of "NOT GUILTY" despite not getting consent from the claimant and claimant stating that he did not consent to the proceedings of this court and no information regarding proof of jurisdiction was offered[21].

---

21  "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 18 of 23 |

63. Defendant Rowles-Stokes next offered a Mandatory Protection Order for claimant to sign but claimant refused to sign this document. Defendant Rowles-Stokes signed the document and had it placed on the podium for the claimant. This document was an order to prevent claimant from harassing defendant Tipton but cannot be used to deny claimant his right to file a counterclaim[22].

64. Defendant Rowles-Stokes is an appointed Judge and did not look out for the interests of the claimant which is her duty to the people under the Constitution[23].

65. There were no representatives for the plaintiffs and so defendant Rowles-Stokes appeared to be acting as both master of the court and plaintiff which denied the claimant a fair hearing.

66. Defendant Rowles-Stokes set a preliminary hearing date of February 24, 2017

### SIXTH CAUSE OF ACTION – TRESPASS ON CASE

67. All previous paragraphs are incorporated as though fully stated herein.

68. Claimant attended the preliminary hearing on February 24th, 2017 and defendant Tuttle was present.

69. Claimant asked defendant Tuttle if she had any response to the claimants Notice of Conditional Acceptance and Notice of Specific Negative Averment which requested evidence of jurisdiction and she stated "That won't work!". Claimant asked if she had no answer and she said "no".

70. Defendant Tuttle next asked claimant if he had considered the offer that defendant's office of the District Attorney had proposed. Claimant stated that he had never been offered such proposal but that he was not interested.

---

22   "Where rights secured by the Constitution are involved, there can be no rule making or legislation which could abrogate them . [Miranda v. Arizona , 384 US 436, 491]

23. "The courts are not bound by mere form, nor are they to be misled by mere pretenses. They are at liberty --indeed they are under a solemn duty--to look at the substance of things, whenever they enter upon the inquiry whether the legislature has transcended the limits of its authority. If, therefore, a statute purported to have been enacted to protect...the public safety, has no real or substantial relation to those objects or is a palpable invasion of Rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."*Mulger vs. Kansas*,123 U.S. 623, 661.

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 19 of 23 |
|---|---|---|

71. Claimant suggested that if defendant wished that an offer could be mailed to claimants mail delivery address but defendant Tuttle stated that the offer could only be made in person. Claimant does not consent to the jurisdiction of this matter by complying with this suggestion.

72. In the ensuing discussion with defendant Rowles-Stokes and defendant Tuttle, defendant Tuttle indicate her willingness to proceed to trial without having answered the claimant's request in writing for proof or evidence of jurisdiction but claimant requested an extended preliminary trial date which was granted to March 31, 2017.

73. Defendant Tuttle and her office did not answer the Notice of Conditional Acceptance or the Notice of Negative Averment and has assumed to proceed to trial without answering the basic demand for proof of jurisdiction. Defendant Rowles-Stokes also did not seek to address this matter and so this court has presumed jurisdiction despite verbal and written requests for same and thus fail to address this critical matter of in persona jurisdiction which is a responsibility of both the court and the plaintiff[24].

74. The law of the case decreed in Exhibit A is incorporated as though fully stated herein.

REQUEST FOR RELIEF

75. For that cause of action therefore claimant brings his suit.

76. WHEREFORE, claimant requests relief and judgment against defendants as follows:

77. WHEREFORE, claimant prays judgment against defendants, and each of them, as follows:

78. For First Cause of Action, $79,249.00

79. For Second Cause of Action, $56,000.00.

80. For Third Cause of Action, $7,701.85

---

24  "The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F 2d 416.

| Action for Trespass and Trespass on the Case | Keith Ohlson v. State of Colorado et. al. | Page 20 of 23 |
| --- | --- | --- |

81. For Fourth Cause of Action, $5,000.00.

82. For Fifth Cause of Action, $36,500.00.

83. For Sixth Cause of Action, $25,000.00.

84. That the court enter a declaratory judgment ordering the State of Colorado and the United States
and all its subdivisions, municipalities, counties townships, villages, towns or any other
subdivision falling under the jurisdiction of Colorado and/or the United States, Inc. to update its
records removing claimants from their respective jurisdictions;

85. That the court enter a declaratory judgment that defendants have acted contrary to constitutional
right, power or privilege;

86. That the court enter a declaratory judgment that defendants actions were in excess of statutory
jurisdiction, authority and short of statutory right;

87. That the court permanently enjoin defendants from interfering in the future with claimant's
lawful right of free travel and to own property designated as an automobile;

88. That the court grant claimant such other and further relief as the court deems proper;

89. For interest as allowed by law;

90. For cost of suit;

I declare under penalty of perjury in the United States of America that the foregoing facts are true and
correct to the best of my knowledge.

March 30, 2017    Arapahoe County, Colorado

| Action for Trespass and Trespass on the Case | **Keith Ohlson** v. **State of Colorado et. al.** | Page 21 of 23 |
|---|---|---|

Keith Ohlson
ADDRESS

**Please serve defendants.**

**State of Colorado**
**Department of Revenue**
**1375 Sherman Street**
**Denver, Colorado  80261**

**County of Arapahoe**
**13101 Broncos Parkway**
**Englewood, Colorado  80112**

**City of Centennial**
**13133 East Arapahoe Road**
**Centennial, Colorado  80112**

**Dan Tipton**
**Office of the Sheriff**
**13101 East Broncos Parkway**
**Centennial, Colorado  80112**

**Christopher Curry**
**Office of the Sheriff**
**13101 East Broncos Parkway**
**Centennial, Colorado  80112**

**Peter Moore**
**Office of the Sheriff**
**13101 East Broncos Parkway**
**Centennial, Colorado  80112**

**Nick Rodriguez**
**Office of the Sheriff**
**13101 East Broncos Parkway**
**Centennial, Colorado  80112**

**Cheryl Rowles-Stokes**
**Arapahoe County Combined Court**
**7325 South Patomic Street**

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 22 of 23 |
|---|---|---|

Centennial, Colorado 80112

Kristin Tuttle
Office of the District Attorney
6450 South Revere Parkway
Centennial, Colorado 80111

First Class Towing
10274 Dransfeldt Road
Parker, Colorado  80134

KEITH OHLSON
6702 S. MARION CIR EAST
CENTENNIAL, CO  (80122)
720-425-1767

3/30/17

| Action for Trespass and Trespass on the Case | **Keith Ohlson**<br>**v.**<br>**State of Colorado et. al.** | Page 23 of 23 |
| --- | --- | --- |